IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

    **Plaintiff,**

**V.**                                                         Case No.:  2:23-CV-2478

**TRACE RITTERHOUSE,**

**JENNIFER LASKOWSKI,**

**ORVILLE MEADE,**

**GREGORY WITT,**

**CASEY MARTIN,**

**MICHELE MARTIN,**

**TOM MCMILLAN,**

**MARK HAWKINS,**

**DONALD FRITZEMEIER,**

**and**

**HANS FRITZEMEIER,**

    **Defendants.**

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Allstate Fire and Casualty Insurance Company, by and through counsel, and for its Complaint for Declaratory Judgment against Defendants Trace Ritterhouse, Jennifer Laskowski, Orville Meade, Gregory Witt, Casey Martin, Michele Martin, Mark Hawkins, Donald Frizemeier, and Hans Fritzemeier states as follows:

1

## PARTIES

1. Plaintiff Allstate Fire and Casualty Insurance Company is organized and existing under the laws of the State of Illinois and with its principal place of business in the State of Illinois, and is a citizen of the State of Illinois.

2. Defendant Trace Ritterhouse is an individual who, at all times material, was and is a citizen of the State of Kansas.

3. Defendant Jennifer Laskowski is an individual who, at all times material, was and is a citizen of the State of Wisconsin and the surviving spouse of Decedent Peter Laskowski and is the Special Administrator of the Estate of Peter Laskowski.

4. Decedent Peter Laskowski was an individual who, at all times materials, was a citizen of the State of Wisconsin.

5. Defendant Orville Meade is an individual who, at all times material, was and is a citizen of the State of Virginia.

6. Defendant Gregory Witt is an individual who, at all times material, was and is a citizen of the State of Virginia.

7. Defendant Casey Martin is an individual who, at all times material, was and is a citizen of the State of Kansas and the surviving father of Decedent Tate Martin.

8. Defendant Michele Martin is an individual who, at all times material, was and is a citizen of the State of Kansas and the surviving mother of Decedent Tate Martin.

9. Decedent Tate Martin was an individual who, at all times material, was a citizen of the state of Kansas.

10. Defendant Tom McMillan is an in who, at all times material, was and is a citizen of the State of Kansas.

11. Defendant Mark Hawkins is an individual who, at all times materials, was and is a citizen of the State of Kansas.

12. Defendant Donald Fritzemeier is an individual who, at all times materials, was and is a citizen of the State of Kansas.

13. Defendant Hans Fritzemeier is an individual who, at all times material, was and is a citizen of the State of Kansas.

14. This is an action for declaratory judgment for the purposes of determining a question of actual controversy between the parties involving the interpretation of an insurance contract.

15. Plaintiff Allstate brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

16. The amount in controversy without interest and costs exceeds the sum or values specific by 28 U.S.C. § 1332.

17. Venue and jurisdiction are proper in this Court in that no count in this action alleges a tort, the plaintiff is a nonresident of the state, and this action is brought in a judicial district in which some of the defendants reside.

18. An actual justiciable controversy exists between Plaintiff and Defendants, as litigation regarding this controversy is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties involving the insurance policy issued to Defendant Hans Fritzemeier by Plaintiff.

19. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the at issue insurance policy.

20. Plaintiff has complied with all conditions precedent under the at issue insurance policy and has no other adequate remedy at law.

21. On July 11, 2023, Defendant Jennifer Laskowski filed a Complaint in the United States District Court for the District of Kansas (Case No. 2:23-cv-02308-TC-KGG) for negligence against Defendant Hans Fritzemeier, Defendant Donald Fritzemier, and Defendant Mark Hawkins resulting in injury and damages to Defendant Jennifer Laskowski and decedent Peter Laskowski. (Exhibit A, Complaint for Case No. 2:23-cv-02308-TC-KGG).

22. In her Complaint, Defendant Jennifer Laskowski alleges that on December 7, 2022, Defendant Mark Hawkins, Jr. was operating a 2012 Dodge Ram owned and maintained by Defendant Don Fritzemeier, in which decedent Peter Laskowski was riding as a passenger when the vehicle was involved in a motor vehicle accident occurring in Stafford County, Kansas and resulting in Peter Laskowski's death.

23. In her Complaint, Defendant Jennifer Laskowski alleges that at the time of the accident, Peter Laskowski was riding in the vehicle driven by Hawkins as a customer of Dirt Road Outfitters, a business Defendant Jennifer Laskowksi alleges is a joint venture between Defendant Hanz Fretizemeier and Defendant Don Fritzemeier.

24. In her Complaint, Defendant Jennifer Laskowski alleges that as a result of the accident she has incurred damages in excess of $75,000.00.

25. On May 18, 2023, Defendant Trace Ritterhouse filed a Petition in the District Court of Stafford County, Kansas (Case No. SF-2023-CV-000005) for negligence against Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, and Defendant Mark Hawkins resulting in injury and damages to Defendant Trace Ritterhouse. (Exhibit B, Petition for Case No. SF-2023-CV-000005).

26. In his Petition, Defendant Trace Ritterhouse alleges that on December 7, 2022, Defendant Mark Hawkins, Jr. was operating a pickup truck owned and maintained by Defendant Don Fritzemeier when that vehicle was involved in a motor vehicle accident with another vehicle driven by Defendant Martin, in which Defendant Trace Ritterhouse was riding as a passenger, all occurring in Stafford County, Kansas and resulting in damages to Defendant Trace Ritterhouse.

27. In his Petition, Defendant Trace Ritterhouse alleges that Defendant Hans Fritzemeier is vicariously liable for the damages allegedly caused by Defendant Hawkins' negligence, because among other allegations, Defendant Hawkins was performing work for Defendant Hans Fritzemeier at the time of the accident.

28. In his Petition, Defendant Trace Ritterhouse alleges that as a result of the accident he has incurred damages in excess of $75,000.00.

29. At the time of the accident, Defendant Orville Meade was riding as a passenger in the vehicle driven by Defendant Hawkins.

30. At the time of the accident, Defendant Gregory Witt was riding as a passenger in the vehicle driven by Defendant Hawkins.

31. At the time of the accident, Defendant Tom McMillan was the owner of a fence near the scene of the above-described motor vehicle accident, with such fence sustaining damage as a result of the motor vehicle accident.

32. Plaintiff Allstate Fire and Casualty Insurance Company issued an auto policy to Defendant Hans Fritzemeier under Policy No. 831-447-272. (Exhibit C, Declaration Page and Policy No. 831-447-272).

33. The auto policy was in effect from June 28, 2022 through December 28, 2022.

34. The auto policy provides in relevant part:

**Definitions Used Throughout The Policy**
The following definitions apply throughout the policy unless otherwise indicated. Defined words are printed in boldface type.

1. **Additional Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a) not described on the Policy Declarations; **and**
   b) not acquired as a permanent replacement for an **auto** described on the Policy Declarations.

   This **auto** will be an **additional auto** for the 30 days immediately after **you** acquire ownership, but only if:
   a) any other **autos you** own are insured either by us of by one of our affiliates, other than any **auto(s) we** and our affiliates refused to insure;
   b) the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and
   c) **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.
   After the 30 days, the **auto** is no longer an **additional auto.**

\*\*\*

4. **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
   a)     owned by **you**  or a **resident relative**; or
   b)     available or furnished for the regular use of **you** or a **resident relative.**

   This definition of **non-owned auto** does not apply to **Automobile Liability Insurance-Bodily Injury and Property Damage.**

5. **Replacement Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a)     not described on the Policy Declarations; and
   b)      acquired as a permanent replacement for an **auto** described on the Policy Declarations.

   This **auto** will be a **replacement auto** for the 30 days immediately after **you** acquire ownership, but only if:
   a) any other **autos you** are insured either by **us**  or by one of **our** affiliates, other than any **auto(s) we and our** affiliates refused to insure;
   b) the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and

6

      c) **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.

After the 30 days, the **auto** is no longer a **replacement auto.**

\*\*\*

7. Shared-Expense **Car Pool** means an arrangement between private parties to share rides:
   a) for which partial or full reimbursement of driving expenses is made or offered, and for which there is no other compensation; and
   b) which is not facilitated by a commercial enterprise which connects drivers to riders, including but not limited to, a transportation network company.

8. **Substitute Auto** means a **non-owned auto** being temporarily used by **you** or a **resident relative** with the permission of the owner while your **auto** insured under this policy is being serviced or repaired, or if it is stolen or destroyed.

\*\*\*

11. **We, Us,** or **Our** means the company shown on the Policy Declarations.

12. **You** or **Your** means the policyholder(s) listed as Named Insured(s) on the Policy Declarations and the resident spouse of any such Names Insured.

\*\*\*

**Part 1**
**Automobile Liability Insurance**
**Bodily Injury liability-Coverage AA**
**Properly Damage Liability-Coverage BB**
**General Statement Of Coverage**

If a premium is shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage**, we will pay damages which an **insured person** is legally obligated to pay because of:

1. **bodily injury** sustained by any person, and
2. damage to, or destruction of, property.

Under these coverages, **your** policy protects an **insured person** from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto.**

\*\*\*

**Additional Definitions For Part 1**

1. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Liability Insurance – Bodily Injury and Property Damage.** This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**;
   d) a **non-owned auto**;
   e) a **trailer** or **travel-trailer**.

2. **Insured Person** means:
   a) While using your insured auto:
      1) **you**;
      2) **any resident**; and
      3) any other person using it with **your** permission.

   b) While using a **non-owned auto**:
      1) **you**; and
      2) any **resident relative.**

3. **Non-owned Auto** means an **auto** used by **you** or a **resident relative** with the owner's Permission but which is not:
   a) owned by **you** or a **resident relative**; or
   b) available or furnished for the regular use of **you** or a **resident relative.**

   However, an **auto** owned by, or available or furnished for the regular use of, a **resident relative** shall be considered a **non-owned auto** with respect to:
   a) **you** provided it is not owned by **you** or available or furnished for **your** regular use; and

   b) any **resident relative** who does not own the **auto** and for which the **auto** is not available or furnished for that person's regular use, provided the **auto** is not owned by **you** or available or furnished for **your** regular use.

**Exclusions-What Is Not Covered**
**We** will not pay for any damages an **insured person** is legally obligated to pay because of:

\*\*\*
2. **bodily injury** or property damage arising out of the use of:
   a) an **insured auto** while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or

    b)    any **auto** an **insured person** is driving while available for hire by the public.

This exclusion does not apply to shared-expense **car pools.**

\*\*\*

5. **bodily injury** or property damage arising out of the use of a **non-owned auto** in any business or occupation of an **insured person**. However, this exclusion does not apply while **you**, **your** chauffer, or domestic servant is using an **auto, travel-trailer** or **trailer.**

\*\*\*

7. **bodily injury** to an employee of any **insured person** arising out of or in the course of employment. This exclusion does not apply to **your** domestic employee who is not required to be covered by a workers' compensation law or similar law.

\*\*\*

**If There Is Other Coverage**
If more than one policy applies on a primary basis to an accident involving **your insured auto, we** will bear our proportionate share with other collectible liability insurance.

If an **insured person** is using a **substitute auto** or **non-owned auto, our** liability insurance will be excess over collectible insurance.

Other collectible insurance and other collectible liability insurance includes any form of self-insurance.

\*\*\*

**KANSAS**
**Amendatory Endorsement – ACR123**
It is agreed that the policy is amended as follows:

\*\*\*

II.    **Part I-Automobile Liability Insurance** in amended as follows:
    A.    In **Additional Definitions For Part 1,** the following is added to the definition of **Insured Person:**

        c)    Any other person or organization liable for the use of an **insured auto**, provided:
            1)    the **auto** is not owned by the person or organization, and
            2)    the use is by a person described under 2a or 2b above.

       B.      In **Exclusions-What Is Not Covered**, items 4, 5, 8, 9, 10, 11, and 12 are replaced by the following:

\*\*\*

    5.      **bodily injury** or property damage arising out of the use of a **non-owned auto** in any business or occupation of an **insured person**.
This exclusion does not apply:
a)      while **you**, **your** chauffer, or domestic servant is using an **auto, travel-trailer** or **trailer**; or
b)      to any amount up to the minimum limits of liability coverage required by the Kansas Motor Vehicle Financial Responsibility Law.

    8.      **bodily injury** to a co-worker injured in the course of employment.

This exclusion does not apply to:
a)      **you**; or
b)      to the amount up to the minimum limits of liability coverage required by the Kansas Motor Vehicle Financial Responsibility Law.

35.    The vehicle operated by Defendant Hawkins at the time of the accident does not meet the definition of "insured auto", "replacement auto", "additional auto", "substitute auto", "non-owned auto", or "trailer or travel-trailer" under the Allstate auto policy issue at issue and issued to Defendant Hans Fritzemeier.

36.    The Allstate auto policy does not provide Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins with insurance coverage for the claims asserted in Defendant Laskowski's Complaint.

37.    The Allstate auto policy does not provide Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins with insurance coverage for the claims asserted in Defendant Ritterhouse's Petition.

38. The Allstate auto policy does not provide Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins with insurance coverage for any of the potential claims that may be asserted by any other Defendant.

WHEREFORE, for the reasons stated herein, Plaintiff prays for an Order from the Court declaring that Plaintiff Allstate Fire and Casualty Insurance Company's policy of insurance, Policy No. 831-447-272, issued to Defendant Hans Fritzemeier does not provide coverage regarding any claims made by Defendant Laskowski against Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins in the above-described cause of action (Case No. 2:23-cv-02308-TC-KGG).

WHEREFORE, for the reasons stated herein, Plaintiff prays for an Order from the Court declaring that Plaintiff Allstate Fire and Casualty Insurance Company's policy of insurance, Policy No. 831-447-272, issued to Defendant Hans Fritzemeier does not provide coverage regarding any claims made by Defendant Ritterhouse against Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins in the above-described cause of action (Case No. SF-2023-CV-000005).

WHEREFORE, for the reasons stated herein, Plaintiffs pray for an Order from the Court declaring that Plaintiff Allstate Fire and Casualty Insurance Company's policy of insurance, Policy No. 831-447-272, issued to Defendant Fritzemeier does not provide coverage regarding any potential claims that could be made against Defendant Hans Fritzemeier, Defendant Donald Fritzemeier, or Defendant Mark Hawkins by any other defendant arising out of the above-described accident.

Furthermore, Plaintiffs pray for its costs herein incurred and expended, and for such other Order and further relief as the Court deems just and proper.

*Respectfully submitted,*

**McCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Michael E. McCausland*
Michael E. McCausland         KS#78198
Thomas J. Golson              KS#27818
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
tgolson@mbblawfirmkc.com
COUNSEL FOR PLAINTIFF

12